J-A03014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| G.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.O. | : | No. 1563 MDA 2019 |

Appeal from the Order Entered September 4, 2019
In the Court of Common Pleas of Bradford County Civil Division at No(s):
2017FC0126

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

JUDGMENT ORDER BY LAZARUS, J.:              **FILED FEBRUARY 25, 2020**

G.P. (Paternal Grandfather) appeals from the order of the Court of Common Pleas of Bradford County granting M.O.'s (Mother's) motion to dismiss Paternal Grandfather's complaint for partial physical custody of three children of Mother and Father.  The court dismissed Paternal Grandfather's complaint for lack of standing pursuant to section 5325 of the Domestic Relations Act.  23 Pa.C.S.A. § 5325.  After our review, we affirm.

Section 5325 provides that a grandparent or great-grandparent may file an action for partial physical custody or supervised physical custody in the following situations:

(1) where the parent of the child is deceased[;]

(2) **where the relationship with the child began either with the consent of a parent of the child or under a court order *and* where the parents of the child:**

**(i) have commenced a proceeding for custody;** *and*

**(ii) do not agree as to whether the grandparents or great-grandparents should have custody under this section**; or

(3) when the child has, for a period of at least 12 consecutive months, resided with the grandparent or great-grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, an action must be filed within six months after the removal of the child from the home.

23 Pa.C.S.A. § 5325 (emphasis added).

Here, Father's parental rights were terminated on January 31, 2017. Paternal Grandfather filed a custody action on March 13, 2017; however, six months later, on September 14, 2017, Paternal Grandfather withdrew that action. *See* Order, 9/14/17. Mother remarried and her husband (stepfather) adopted the minor children.[1] Paternal Grandfather filed the instant complaint

---

[1] Pursuant to 23 Pa.C.S.A. § 5326, adoption does not necessarily terminate a grandparent's (or great-grandparent's or stepparent's) rights. ***See Rigler v. Treen***, 660 A.2d 111 (Pa. Super. 1995) (parents of child's biological father had standing to seek visitation with child despite termination of father's parental rights and adoption of child by stepfather). Section 5326, however, is not material to the case before us. Section 5326 presumes standing, which is lacking in the case before us. Section 5326 provides:

Any rights to seek physical custody or legal custody rights and **any custody rights that have been granted under section 5324** (relating to standing for any form of physical custody or legal custody) or 5325 (relating to standing for partial physical custody and supervised physical custody) **to a grandparent** or great-grandparent prior to the adoption of the child by any individual other than a stepparent, grandparent or great-

on March 21, 2019. The trial court concluded that since no custody action between the legal parents of the minor children existed at that time, Paternal Grandfather lacked standing. Accordingly, the court dismissed the complaint. 23 Pa.C.S.A. § 5325(2). We find no error.

Although Paternal Grandfather did allege the relationship with the children began with the consent of a parent of the children, he has not alleged that the parents have commenced a proceeding for custody, nor has he alleged that the parents do not agree as to whether he should have custody rights. *See* 23 Pa.C.S.A. §§ 5325(2)(i), (ii). We affirm the trial court's order dismissing the complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2020

---

grandparent shall be automatically terminated upon such adoption[.]

23 Pa.C.S.A. § 5326 (emphasis added). Here, Paternal Grandfather had not been granted any rights pursuant to section 5324 or 5325 prior to adoption, as contemplated by section 5326. Thus, there are no "grandparental visitation rights" to preserve. *See Rigler*, *supra* at 113.